Case 4:11-cv-00751-A Document 8 Filed 04/05/12 Page 1 of 11 PageID 58

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

APR - 5 2012

CLERK, U.S. DISTRICT COURT
by _____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| LAUREN ELIZABETH REYNOLDS | § | |
| | § | |
| VS. | § | NO. 4:11-CV-751-A |
| | § | (NOS. 4:10-CR-062-A and |
| | § | 4:10-CR-139-A) |
| UNITED STATES OF AMERICA | § | |

<u>MEMORANDUM OPINION</u>
and
<u>ORDER</u>

Came on to be considered the motion of movant, Lauren Elizabeth Reynolds, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. The government filed a response, and movant filed a reply. Having now considered all of the parties' filings, the entire record of this case, and applicable legal authorities, the court concludes that the motion should be denied.

The court notes that movant filed this motion in the criminal case number corresponding to the revocation of her supervised release. Upon considering movant's claims, it became apparent that movant also intended to raise claims pertaining to her criminal case number 4:10-CR-062-A. The court is therefore modifying the caption of this case to include both criminal case numbers, so that from this point forward the cause number shall be "4:11-CV-751-A (NOS. 4:10-CR-062-A and 4:10-CR-139-A)."

The court is also ordering the clerk to note in the papers on file in criminal case number 4:10-CR-062-A that the instant civil action is a related case.

I.

Background

On April 10, 2007, movant pleaded guilty in the United States District Court for the Western District of Texas, the Honorable Alia Moses Ludlum presiding, to one count of conspiracy to possess with intent to distribute more than fifty kilograms of marijuana in violation of 21 U.S.C. § 846. On October 6, 2008, that court sentenced movant to thirteen months' imprisonment followed by a three-year term of supervised release. Movant began her supervised release on March 6, 2009.

Movant was arrested in Fort Worth, Texas on March 15, 2010. She subsequently pleaded guilty on May 14, 2010, to one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g) in criminal case number 4:10-CR-062-A. Jurisdiction over movant's supervised release was transferred to this court on August 16, 2010, and assigned case number 4:10-CR-139-A.

On August 27, 2010, the court sentenced movant to a term of imprisonment of 120 months in criminal case number 4:10-CR-062-A, to be served consecutively to any term of imprisonment imposed

2

for the revocation of movant's supervised release in case number 4:10-CR-139-A, and to be followed by a three-year term of supervised release. At a revocation hearing also held August 27, 2010, in criminal case number 4:10-CR-139-A, the court revoked movant's supervised release and sentenced her to a term of imprisonment of two years. Movant appealed her sentences in case numbers 4:10-CR-062-A and 4:10-CR-139-A. The United States Court of Appeals for the Fifth Circuit affirmed both sentences. United States v. Reynolds, 427 F. App'x 316 (5th Cir. June 3, 2011).

II.

Grounds of the Motion

All of movant's grounds for relief alleged that she was denied effective assistance of counsel by her court-appointed attorney, Derek Brown ("Brown"). As to the first ground, movant alleged that Brown failed to argue for a three-level decrease for acceptance of responsibility.[1] As the second ground, movant contended that Brown failed to "speak with the government on filing" a "5K1.1"[2] motion after she was debriefed and proffered with the government. Mot. at 6. In her third ground movant

---

[1] Movant also initially complained of Brown's failure to challenge her two-point enhancement for recruitment, but withdrew that claim in her reply.

[2] U.S. Sentencing Guideline § 5K1.1.

3

claimed that Brown failed to argue that "under federal statute the guideline sentence for [her] violation is 4 to 10 months." Id. at 8. Movant complained in her fourth and final ground that Brown advised her to sign the plea agreement because the sentence "for the 'violation' (which is 24 months) was 'concurrent' to the new charge" and thus gave her erroneous sentencing advice. Id. at 9.

### III.

### Treatment of § 2255

After conviction and exhaustion of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991) (en banc). A defendant can challenge his conviction or sentence after it is presumed final only on issues of constitutional or jurisdictional magnitude and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232. Section 2255 does not offer recourse to all who suffer trial errors, but is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal

but, if condoned, would result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 21, 1981).

IV.

**None of the Grounds Has Merit**

A.   Applicable Legal Standards

To prevail on a claim of ineffective assistance of counsel, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). In the context of a guilty plea, to show prejudice requires movant to show there is a reasonable probability that, but for her attorney's errors, she would not have pleaded guilty but would have gone to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Both prongs of the Strickland test must be met to demonstrate ineffective assistance; however, both prongs need not be considered if movant makes an insufficient showing as to one. Strickland, 466 U.S. at 687, 697. Judicial scrutiny of this type of claim must be highly deferential, and movant must overcome a strong presumption that counsel's conduct falls within the wide

5

range of reasonable professional assistance. <u>Id.</u> at 689. Here, movant is entitled to no relief based on the alleged ineffective assistance of counsel because she has failed to meet the standard set forth by <u>Strickland</u>.

B.  <u>First Ground for Relief</u>

Movant's contentions concerning her acceptance of responsibility are contradicted by the record. The government filed a notice regarding acceptance of responsibility pursuant to § 3E1.1(b) of the U.S. Sentencing Guidelines. The probation officer recommended denial of acceptance of responsibility due to statements by movant attempting to absolve her boyfriend of any connection to the charges, where movant's statements contravened those of codefendants and witnesses. Brown objected to the presentence report's recommendation against a decrease for acceptance of responsibility; however, the probation officer continued to recommend against acceptance of responsibility.

In an order signed prior to sentencing, the court informed the parties that it had considered the presentence report and movant's objections thereto, and had tentatively concluded they were without merit. The court advised the parties to take into account that tentative conclusion in considering their presentations to be made at the sentencing hearing.

At movant's sentencing hearing, Brown, apparently upon consideration of the court's order, declined to reurge his objection to the failure to grant a decrease for acceptance of responsibility. Considering that the court had already informed the parties that it tentatively found the objection to be without merit, Brown reasonably could have considered any further objection futile. Counsel is not required to raise futile objections. Emery v. Johnson, 139 F.3d 191, 198 (5th Cir. 1997). Brown did raise the issue in movant's appeal to the United States Court of Appeals for the Fifth Circuit, but the appellate court rejected that argument. See Reynolds, 427 F. App'x 316 at *317.

C.  Second Ground for Relief

Movant apparently faults Brown for the government's failure to file a motion pursuant to § 5K1.1 of the U.S. Sentencing Guidelines. Section 5K1.1 provides that "[u]pon motion of the government stating that the defendant has provided substantial assistance" in investigating or prosecuting another person, the court may depart from the sentencing guidelines. U.S. Sentencing Guideline Manual § 5K1.1 (2010). A sentencing court has no authority to grant a downward departure on the basis of substantial assistance absent a motion by the government. United States v. Price, 95 F.3d 364, 367 (5th Cir. 1996). Section 5K1.1

grants the government the "power, not a duty, to file a motion when a defendant has substantially assisted." Id. at 368 (citing Wade v. United States, 504 U.S. 181, 184 (1992)). The court's authority to review the government's refusal to exercise its discretion not to move under § 5K1.1 "is limited to determining whether the refusal was animated by an unconstitutional motive." Id.

Movant's claim concerning the government's failure to file a motion pursuant to § 5K1.1 is entirely conclusory. She has failed to allege anything Brown could have done differently to persuade the government to file such a motion, nor has she provided the court with any information or evidence to show such an effort on Brown's part would have been successful. Movant has not alleged that the government had an unconstitutional motive for failing to file a motion pursuant to § 5K1.1 such that Brown could have challenged that failure before the court. Nor does the plea agreement between movant and the government require or even suggest that such a motion would be forthcoming. In short, movant's conclusory assertions on this claim are insufficient to prove ineffective assistance of counsel. Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000).

D.   Third Ground for Relief

This claim for relief apparently pertains to the revocation of movant's supervised release and borders on the nonsensical. As the court explained during movant's revocation hearing, the policy statement range was four to ten months; however, in the court's view such a range was insufficient to address movant's conduct. Revocation Tr. at 5. Movant does not explain what she contends Brown should have argued or how the outcome of the proceeding would have been different but for his allegedly deficient conduct.

E.   Fourth Ground for Relief

Although not clearly articulated, it appears movant is contending that Brown gave her erroneous advice on sentencing by advising her to sign the plea agreement because the sentence would run concurrent to that imposed for her supervised release violation.

Again, movant has offered only her conclusory allegations absent any facts or evidence in support, which are insufficient to establish ineffective assistance. Miller, 200 F.3d at 282. Further, movant failed to show prejudice: she did not allege, much less show, that but for Brown's errors she would not have pleaded guilty and would have insisted on going to trial. Hill,

9

474 U.S. at 59.

Beyond the conclusory allegations, however, the court concludes that movant's claim is chronologically flawed. Movant signed the plea agreement in criminal case number 4:10-CR-062-A on May 6, 2010, and entered her guilty plea on May 14, 2010. Any advice given to movant by Brown concerning her guilty plea would thus have been given before May 14, 2010.

Judge Ludlum in the Western District of Texas signed a warrant for movant's arrest for the violation of the terms of her supervised release on July 26, 2010. Jurisdiction of movant's supervised release was transferred to the Northern District of Texas on August 16, 2010. At the time the warrant issued in the Western District of Texas movant was in custody in the Northern District of Texas on the charges in case number 4:10-CR-062-A and had already entered her guilty plea. Thus, at the time of movant's guilty plea in criminal case number 4:10-CR-062-A, she had not yet been charged with a violation of the terms of her supervised release in case number 4:10-CR-139-A. Brown could not have advised movant as to the potential effect of the supervised release violation on the sentence in criminal case 4:10-CR-062-A because she had not been charged with the violation when she entered her guilty plea.

V.

ORDER

Therefore,

The court ORDERS that the motion of Lauren Elizabeth Reynolds to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

The court further ORDERS that the caption of this case be modified to include both criminal case numbers, so that from this point forward the cause number shall be "4:11-CV-751-A (NOS. 4:10-CR-062-A and 4:10-CR-139-A)."

The court further ORDERS the clerk to note in the papers on file in criminal case number 4:10-CR-062-A that the instant civil action is a related case.

SIGNED April 5, 2012.

_____
JOHN McBRYDE
United States District Judge

11